JANET M. HEROLD
Regional Solicitor
ANDREW J. SCHULTZ (Cal. Bar No. 237231)
Counsel
EDUARD R. MELESHINSKY (Cal. Bar No. 300547)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103
Telephone: (415) 625-7744
Fax: (415) 625-7772
Email: meleshinsky.eduard.r@dol.gov
*Attorneys for Plaintiff Eugene Scalia*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Eugene Scalia, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>Acme Pumping Services, Inc., a corporation; Paradise Lua, Inc., a corporation; Pinky Tows, LLC, a limited liability company; Pinky Tows Hawaii, Inc., a corporation; Pink Tows, Inc., a corporation; Porky's Trucking LLC, a limited liability company; Sharks Equity Recovery, Inc., a corporation; Pinky Tows Roadside Recovery, Inc., a corporation; Pinky Tows Pacific, Inc., a corporation; Wise Ass Events, Inc., a corporation; West Side Adventures, Inc., a corporation; George Grace III, an individual | Case No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

Defendants.

## INTRODUCTION

The Fair Labor Standards Act ("FLSA") requires employers to pay employees an overtime premium of one and a half times the employee's regular rate for all hours over forty hours in a work week. Contrary to this requirement, George Grace III, an individual and his eleven companies doing business as Acme Pumping Services, Inc.; Paradise Lua, Inc.; Pinky Tows, LLC; Pinky Tows Hawaii, Inc.; Pinky Tows, Inc.; Porky's Trucking LLC; Sharks Equity Recovery, Inc.; Pinky Tows Roadside Recovery, Inc.; Pinky Tows Pacific, Inc.; Wise Ass Events, Inc.; West Side Adventures, Inc., (the above-captioned Defendants), have denied their employees their proper overtime premium and full lawful wages. Defendants' employees frequently worked over 40 hours a week transporting and setting up portable toilets and performing other work. However, the employees' hourly rate essentially stayed the same no matter how many hours they worked, despite the requirement to pay one and a half times their regular rate for overtime. For years, Defendants failed to pay the overtime premium properly across Defendants' enterprise for employees in Hawaii.

Through actions like these, Defendants have harmed not only their own employees, but also law-abiding employers who face unfair competition in the marketplace due to Defendants' illegal practices. The Secretary brings this case to recover the wages owed to Defendants' employees, to enjoin future violations, and to protect the significant public interest at stake.

## NATURE OF THE ACTION

1. Plaintiff Eugene Scalia, Secretary of Labor for the United States Department of Labor ("the Secretary"), is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of

workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees subminimum wages.

2. In this case, the Secretary seeks to enjoin Defendants from violating the requirements of the FLSA under § 17 of the FLSA, 29 U.S.C. § 217; and to recover all wages owed to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, and any other employees that the Secretary later identifies, together with an equal amount as liquidated damages under § 16(c) of the FLSA, 29 U.S.C. § 216(c).

3. The Court has jurisdiction over this action under §§ 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

4. Venue lies in the District of Hawaii pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in Hawaii.

**DEFENDANTS ARE EMPLOYERS SUBJECT TO THE FLSA**

5. Defendant Acme Pumping Services, Inc. is a Hawaii corporation which provides mobile waste removal services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It provides its mobile waste removal services and similar waste removal services by employing drivers, including the employees named in Exhibit A, to perform work such as transporting, installing, and removing mobile toilets for clients and cleaning septic tanks. At all relevant times, Defendant Acme Pumping Services, Inc. is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

6.     Defendant Paradise Lua, Inc. is a Hawaii corporation which provides mobile waste removal services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It also has satellite administrative offices located on the Islands of Kauai and Lanai. It provides its mobile waste removal services and similar waste removal services by employing drivers, including the employees named in Exhibit A, to perform work such as transporting, installing, and removing mobile toilets for clients and cleaning septic tanks. At all relevant times, Defendant Paradise Lua, Inc. is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

7.     Defendant Pinky Tows, LLC, is a Hawaii corporation which provides tow truck services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It provides its tow truck services by employing drivers, including the employees named in Exhibit A, to perform work such as transporting vehicles and uses the corporate Defendants' shared truck yard and administrative services. At all relevant times, Defendant Pinky Tows, LLC is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

8.     Defendant Pinky Tows Hawaii, Inc., is a Hawaii corporation which provides tow truck services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It provides its tow truck services by employing drivers, including the employees named in Exhibit A, to perform work such as transporting vehicles and uses the corporate Defendants' shared truck yard and administrative services. At all relevant times, Defendant Pinky Tows Hawaii, Inc. is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the

employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

9. Defendant Pinky Tows, Inc., is a Hawaii corporation which provides tow truck services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It provides its tow truck services by employing drivers, including the employees named in Exhibit A, to perform work such as transporting vehicles and uses the corporate Defendants' shared truck yard and administrative services. At all relevant times, Defendant Pinky Tows, Inc. is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

10. Defendant Porky's Trucking LLC, is a Hawaii corporation which provides tow truck services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It provides its tow truck services by employing drivers, including the employees named in Exhibit A, to perform work such as transporting vehicles and uses the corporate Defendants' shared truck yard and administrative services. At all relevant times, Defendant Porky's Trucking LLC is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

11. Defendant Sharks Equity Recovery, Inc., is a Hawaii corporation which provides tow truck services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It provides its tow truck services by employing drivers, including the employees named in Exhibit A, to perform work such as transporting vehicles and uses the corporate Defendants' shared truck yard and administrative services. At all relevant times, Defendant Pinky Tows, Inc. is and has been an employer within

the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

12. Defendant Pinky Tows Roadside Recovery, Inc., is a Hawaii corporation which provides tow truck services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It provides its tow truck services by employing drivers, including the employees named in Exhibit A, to perform work such as transporting vehicles and uses the corporate Defendants' shared truck yard and administrative services. At all relevant times, Defendant Pinky Tows Roadside Recovery, Inc. is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

13. Defendant Pinky Tows Pacific, Inc., is a Hawaii corporation which provides tow truck services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It provides its tow truck services by employing drivers, including the employees named in Exhibit A, to perform work such as transporting vehicles and uses the corporate Defendants' shared truck yard and administrative services. At all relevant times, Defendant Pinky Tows Pacific, Inc. is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

14. Defendant Wise Ass Events, Inc., is a Hawaii corporation which provides mobile live event equipment delivery and rental services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It provides its rental and delivery business by employing drivers, including the employees named in Exhibit A, to perform work such as transporting vehicles and equipment, and uses the corporate

Defendants' shared truck yard and administrative services. At all relevant times, Defendant Wise Ass Events, Inc. is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

15.     Defendant West Side Adventures, Inc., is a Hawaii corporation which provides transportation and tour excursion services. It is registered at 96-1268 Waihona St., Pearl City, Hawaii. It provides tours and transportation services by employing drivers, including the employees named in Exhibit A, to perform such work and uses the corporate Defendants' shared truck yard and administrative services. At all relevant times, Defendant West Side Adventures, Inc. is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

16.     Defendant George Grace III, an individual, resides in Hawaii. He is the sole owner and, with the exception of Pinky Tows Pacific, Inc., sole officer for Acme Pumping Services, Inc.; Paradise Lua, Inc.; Pinky Tows, LLC; Pinky Tows Hawaii, Inc.; Pinky Tows, Inc.; Porky's Trucking LLC; Sharks Equity Recovery, Inc.; Pinky Tows Roadside Recovery, Inc.; Pinky Tows Pacific, Inc.; Wise Ass Events, Inc.; West Side Adventures, Inc. ("Corporate Defendants"). All of the Corporate Defendants perform work under his direction and sole direct and indirect control. He supervises directly and indirectly the work of all of the Corporate Defendants. From the central administrative office in Pearl City, Hawaii, Grace, with the assistance of intermediaries, directs, controls, and/or coordinates all of the Corporate Defendants' activities. At all relevant times, he has acted directly or indirectly in the interest of the Corporate Defendants in relation to their employees, including by hiring, firing, and/or supervising employees, determining their pay

practices, schedules, and/or assignments, maintaining employment records, or determining other employment practices. As a result, he is individually liable as an employer under § 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Defendants' employees.

17. At all relevant times, Grace jointly operated and controlled the Corporate Defendants using the same administrative hub in Pearl City, Hawaii for the common business purpose of providing transportation services for waste removal, towing, and live event services in Hawaii. As a result, the Corporate Defendants are and have been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

18. At all relevant times, two or more employees at all of the Corporate Defendants have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including cleaning products. At all relevant times, Corporate Defendants have had a gross annual revenue of over $500,000. As a result, Defendants are and at all relevant times have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that Defendants at all relevant times had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and had an annual gross volume of sales of not less than $500,000.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

*Corporate Defendants Constitute a Unified Enterprise Subject to the FLSA*

1. Mr. Grace operates his multi-entity group of waste removal,

transportation, and live event service businesses out of the same location. The primary business address for all eleven entities is 96-1268 Waihona St., Pearl City, Hawaii. At that location, Corporate Defendants share office space, business equipment, truck yard, automotive repair facility, and administrative support staff.

2. Corporate Defendants have the same substantial business purpose: transporting, setting up, and removing portable toilets and related transportation and trucking services. The corporate defendants constitute an "enterprise" as defined in FLSA Section (r)(1), 29 U.S.C. § 203(r)(1), with business activities that are related and performed through unified operation or common control for a common business purpose.

3. Corporate Defendants are and at all relevant times were engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A). At all relevant times, Defendants' enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and an annual gross volume of sales done of not less than $500,000.

*Defendants Deprive Their Employees the Wages They Earned and Fail to Maintain the Required Accurate Records of Their Work*

4. Defendants employed approximately sixty-eight or more employees as of the filing of this complaint. Many employees regularly work in excess of forty hours per week. The majority of the employees are engaged in trucking services and are paid on an hourly basis for those tasks. Defendants fail to pay employees an overtime premium for hours worked in excess of forty in a week.

5. Some employees perform nonexempt, clerical services for employees and are paid on a fixed salary basis for those tasks in violation of the FLSA's

requirement that nonexempt workers receive an overtime premium for hours worked in excess of forty in a week.

6. During the Subject Period and on an ongoing basis, Defendants have failed to pay a rate of one and one-half times the regular rate for work performed in excess of forty hours per work week.

7. During the Subject Period and on an ongoing basis, Defendants have failed to record or maintain accurate records of hours worked by their employees. Defendants fail to accurately record employee hours. Defendants have instructed their employees to log a maximum of forty hours per work week, regardless of the actual hours worked.

8. In October 2018, the Wage and Hour Division, U.S Department of Labor ("Wage and Hour Division") conducted an investigation of Defendants' compliance with the FLSA. Since at least the time of that investigation, Defendants have been aware of the overtime premium requirement of the FLSA.

9. Since at least September 20, 2017, at least two or more of Defendants' employees have worked in excess of 40 hours a week in each biweekly pay period.

10. Since at least September 20, 2017, Defendants have failed to pay all of their employees the required rate of time and a half for these overtime hours. Instead, with some variations, Defendants created an artificial pay rate that results in Defendants paying employees their regular rate, i.e. "straight time," up to a maximum of forty hours in a week.

11. Since at least September 20, 2017, Defendants failed to create and/or retain accurate records of the daily and weekly hours worked by and wages paid to some of Defendants' employees.

12. Through actions like those listed above, Defendants interfered with the ability of their employees, and derivatively of the Secretary, to understand and

detect Defendants' unlawful payment practices, including their failure to pay overtime.

## FIRST CLAIM FOR RELIEF

### Failure to Pay Overtime Premiums in Violation of the FLSA

13. The Secretary incorporates the facts alleged in ¶¶ 1-12.

14. Defendants have violated and continue to violate §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing their employees engaged in commerce or in an enterprise engaged in commerce, for workweeks longer than 40 hours without compensating the employees for all their employment in excess of 40 hours in such workweeks at rates not less than one and one-half the regular rates at which they were employed.

15. At all relevant times, Defendants have willfully violated and continue to willfully violate §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them. Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid overtime compensation found to be due to present and former employees, including the persons named on the attached Exhibit A, as well as any employees whom the Secretary later identifies.

## SECOND CLAIM FOR RELIEF

### Violation of Recordkeeping Provisions of the FLSA

16. The Secretary incorporates the facts alleged in ¶¶1-15.

17. Defendants have violated and continue to violate §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Secretary's agents for inspection, transcription, and/or

copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by 29 C.F.R. § 516.

18. At all relevant times, Defendants have willfully violated and continue to violate § 11(c) of the FLSA, 29 U.S.C. § 211(c). Defendants knew or should have known of the Act's recordkeeping requirements, and continued to create and maintain inaccurate, incomplete, and/or falsified records of employees' hours worked and wages paid, and destroyed partial records of hours worked.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment against Defendants as follows:

(a) For an Order under § 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA, including §§ 7, 11, 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5); and

(b) For an Order:

(1) Under § 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including overtime compensation, from at least September 20, 2017 through the present, to all of Defendants' employees including the employees listed in the attached Exhibit A and all other employees later identified by the Secretary, and an additional equal amount as liquidated damages; or

(2) In the event liquidated damages are not awarded, under § 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees and those persons in active concert or

participation with Defendants, from withholding payment of unpaid back wages found to be due, from at least September 20, 2017 through the present, to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

(c) For an Order providing such further equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' failure to maintain all records and actions to confuse employees and, and derivatively, the Secretary, from detecting and investigating the FLSA violations; and

(d) For an Order awarding the Secretary the costs of this action.

Respectfully submitted,

Dated: 9/20/2020

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

ANDREW SCHULTZ
Counsel

*/s/ Eduard R. Meleshinsky*
EDUARD R. MELESHINSKY
Trial Attorney

*Attorneys for the Secretary, U.S. Department of Labor*

# EXHIBIT A

| Number | First Name | Last Name |
|---:|---|---|
| 1 | Lottie | Sooto |
| 2 | Javen | Vincent |
| 3 | Gordon | Robello |
| 4 | Guy | Gasper |
| 5 | Kenneth | Kiyabu |
| 6 | Keoki | Medeiros |
| 7 | Christi-Ana | Aalona |
| 8 | Mikaele | Antonio |
| 9 | Andrew | Arellanez |
| 10 | Michael | Banuelos |
| 11 | Curtis | Bautisita |
| 12 | Bonita | Brady |
| 13 | Benjamin | Burgo |
| 14 | Travis | Chaves |
| 15 | Kyle | Chong |
| 16 | Jared | Figueroa |
| 17 | Justin | Franca-sumailo |
| 18 | Ramona | Gervacio |
| 19 | Pebbles | Glendon |
| 20 | Breanne | Higa |
| 21 | Tiona | Higgins |
| 22 | Shyden | Ilae-pave |
| 23 | Charles | Inferra |
| 24 | Johnelle | Ioane |
| 25 | James | Kahaloa |
| 26 | Albert | Kali |
| 27 | Kahelekulani (Umi) | Keaulana |
| 28 | Moses | Kikila |
| 29 | Dun | Lafoga |
| 30 | Jonah | Lorch |
| 31 | Orepa | Malepeai |
| 32 | Evan | Marcus |
| 33 | Kristen | Mika |
| 34 | Alexander | Milho |

| | | |
|---|---|---|
| 35 | William | Nelson |
| 36 | Samuel | Niau |
| 37 | Anjeanette | Poe |
| 38 | Jeffrey | Rabellizsa |
| 39 | Robert | Stevens |
| 40 | Marvin | Tucker |
| 41 | Sonny | Tuiteleapaga |
| 42 | Nikolas | Edal-davis |
| 43 | Misty Ann | Kimi |
| 44 | Frances | Shimabukuro |
| 45 | Leilani | Borling |
| 46 | Devohn | Detwiler |
| 47 | Kayla | Kenion |
| 48 | Thomas | Rabellizsa |
| 49 | Larry | Meyers |
| 50 | Kekoa (Daniel) | Walls |
| 51 | Caleb | Bumanglag |
| 52 | Ernelyn | Bumanglag |
| 53 | Sebastian | Acorda |
| 54 | James | Lee |
| 55 | Virginia | Smith |
| 56 | Tuvale | Papu |
| 57 | Chad | Kekauoha |
| 58 | Ashley | Battanu |
| 59 | Ryson | Luke |
| 60 | Dj | Lum ho |
| 61 | Mikie | Scanlan |
| 62 | Louis | Soto |
| 63 | Kapua | Awong |
| 64 | Calvin | Kiilau |
| 65 | Lauren | Lewandowski |
| 66 | Learthur | Sanders |
| 67 | Patrice | Tabanera |
| 68 | Alejandro | Montoya |