MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV (Cal. Bar. No. 223532)
Counsel for Wage and Hour
EDUARD R. MELESHINSKY (Cal. Bar No. 300547)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103
Telephone: (415) 625-7744
Fax: (415) 625-7772
Email: meleshinsky.eduard.r@dol.gov
*Attorneys for Plaintiff Martin J. Walsh*

RANDALL N. HARAKAL, #2844
700 Fort Street Tower
745 Fort Street
Honolulu, Hawaii 96813
Telephone: 531-9711
Fax: 537-9430
E-mail: randall@shigemura.com
*Attorney for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>Acme Pumping Services, Inc., et al.<br><br>Defendants. | Case No. 1:20-cv-00397-WRP<br><br>**Consent Judgment** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants George Grace III, an individual and his eleven companies doing business as Acme Pumping Services, Inc.; Paradise Lua, Inc.; Pinky Tows, LLC; Pinky Tows Hawaii, Inc.; Pinky Tows,

Inc.; Porky's Trucking LLC; Sharks Equity Recovery, Inc.; Pinky Tows Roadside Recovery, Inc.; Pinky Tows Pacific, Inc.; Wise Ass Events, Inc.; West Side Adventures, Inc. have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

  A. The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 15(a)(5).

  B. Defendants have retained defense counsel and appeared in this action.

  C. The Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period beginning on September 20, 2017 and ending on September 14, 2019. The parties have agreed to settle and resolve all alleged FLSA violations attributable to Defendants through this Consent Judgment.

  D. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

  E. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District of Hawaii.

  F. Defendants admit they provide a variety of transportation, sanitation, and entertainment services.

  G. Defendants admit they did not keep records of all hours worked by employees during the liability period as required by 29 U.S.C. § 211 and regulations promulgated thereunder.

  H. Defendants admit they failed to pay overtime for all hours worked in excess of forty per week to employees during the liability period as required by 29 U.S.C. § 207 and regulations promulgated thereunder.

  **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to the FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA § 3(s), or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for their employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which they are employed.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendants shall comply with the FLSA and, if not already in effect at the time of entry of this Consent Judgment, shall amend and maintain their payroll practices as follows:

    a. Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during the workweek; (3) the total weekly straight-time earnings for the hours worked during the workweek; (4) the total premium pay for overtime hours;

    b. For purposes of subparagraph 3(a), only the employee who performed the hours worked may record the hours that employee worked. Such time records shall be used to calculate hours worked for payroll purposes. If changes in the time records later are required, Defendants shall designate and authorize one or more individuals to correct time entry errors, and the employee must approve the change.

    c. Defendants shall pay all employee wages for each pay period with one check.

    d. Defendants shall maintain all time and payroll records for a period of not less than three years.

  e. Defendants shall record all wages paid to employees, regardless of the manner of payment, on their payroll records, and any expense reimbursements may be recorded in Defendants' accounting system. This requirement extends to any payments made to employees for work performed on Saturdays and Sundays.

  f. Defendants shall inform all supervisors, managers, and persons performing payroll duties of the requirements of this Consent Judgment and shall provide a copy of this Consent Judgment to all supervisors, managers, and persons performing payroll duties.

  g. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked.

  h. Defendants shall not direct supervisors, managers, or persons performing payroll duties to falsify time or payroll records in any manner, including reducing the number of hours worked by employees, and Defendants shall direct their supervisors, managers, and persons performing payroll duties to encourage workers to report all hours worked.

4. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of the employees listed on the attached **Exhibit A**. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment. In addition to civil contempt, violation of this Paragraph may subject the Defendants to punitive damages, among other equitable and legal relief.

5. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts their rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. In addition to civil contempt, violation of this Paragraph may subject the Defendants to punitive damages, among other equitable and legal relief.

6. The parties agree that, of the total $210,000 to be paid by Defendants, the first $100,000

paid by Defendants will constitute unpaid wages, the next $100,000 paid by Defendants will constitute liquidated damages, and the remaining $10,000 will constitute civil money penalties ("CMPs").

7. Defendants, jointly and severally, shall not continue to withhold the payment of $100,000 in overtime pay hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of September 20, 2017 to May 20, 2022 ("Back Wage Accrual Period").

8. With respect to this settlement of this action and the terms and conditions set forth herein, Defendants hereby waive all rights provided by any statute pertaining to the filing of an action, the diligent prosecution of an action, and the entry of judgment as provided herein, including but not limited to the statutes of limitation pertaining to the FLSA.

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant Section 16(c) and (e) of the FLSA, 29 U.S.C. § 216(c) and (e), in favor of the Secretary and against Defendants in the amount of $210,000. Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

9. Defendants shall pay the Secretary the total sum of $210,000 in accordance with the payment schedule outlined below:

    a. By February 22, 2023, Defendants shall make approximately equal monthly payments that total $50,000. If Defendants fail to pay a total of $50,000 by February 22, 2023, then the Secretary may file the First Amended Consent Judgment (*see, infra,* ¶ 12) subject to paragraph 14.

    b. If Defendants satisfy subparagraph 9(a), Defendants shall make approximately equal monthly payments that total $160,000 by September 16, 2024. If Defendants fail to pay the $160,000 required by this subparagraph by September 16, 2024, then the Secretary may file the First Amended Consent Judgment (*see, infra,* ¶ 12) subject to paragraph 14.

10. Defendants may make the payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region" for backwages (i.e., for the first $100,000 of payments); "WHD Liquidated Damages - WE Region" for liquated damages (i.e., for the second $100,000 of payments); "WHD Civil Monetary Penalty Payment Form – Western Region" for civil money penalties (i.e., for

the last $10,000 in payments). Payments shall reference Case ID 1866330, Local File # 2019-198-02392.

11. The Secretary will prepare a deed of trust on the property located at 87-1589 Kaukai Road, Waianae, HI 96792 to secure the payments described in Paragraph 9. Defendants shall execute and return the deed of trust within ten (10) business days of receiving the deed of trust from the Secretary. The Secretary will record the executed deed of trust with the Bureau of Conveyances. Defendants will not in any manner encumber or transfer this property before the deed of trust is executed or recorded. Defendants shall warrant that the Secretary's deed of trust shall stand in priority to all creditors other than the Internal Revenue Service.

12. Within (30) calendar days after the filing of this consent judgment, Defendants shall sign a First Amended Consent Judgment, attached hereto as **Exhibit B**, which amends the amount of the judgment to $612,000.00.

13. The Secretary shall provide written notice of any delinquency to Defendants' counsel, Randall Harakal, via e-mail (lawhi@yahoo.com; randall@shigemura.com). The written notice shall specify that Defendants shall have twenty-one (21) business days, from date of the email of the notice, to cure the delinquency identified. The parties will attempt to resolve Defendants' delinquency during the 21-day cure period. If Defendants claim inability to complete timely payments, then Defendants shall produce all reasonable documentation requested by the Secretary related to this claim including tax returns, payroll records, customer invoices, bank statements, and financial statements (e.g., balance sheet, profit and loss sheet, general ledger) within seven calendar days of the Secretary's request for such supporting documentation.

14. If Defendants fail to make any of the payments in accordance with the schedule identified in paragraph 9, and the period to cure in paragraph 13 has expired; fail to cure any dishonored payment within the time limit set forth in paragraph 13; or otherwise fail to comply with any of the provisions of this Consent Judgment and the period to cure in paragraph 13 has expired, the Secretary will be entitled to entry of the parties' First Amended Consent Judgment against Defendants, in an amount calculated as follows: $612,000.00, minus the total amount paid by Defendants to the Secretary under the terms of this Consent Judgment prior to the default. The First Amended Consent Judgment may not be entered

under any other circumstance.

15. Defendants hereby waive all rights to stay of execution and appeal, and agree that any amended judgment entered pursuant to this Consent Judgment may be entered by the Court without a noticed motion.

16. Within 30 calendar days after the Secretary's receipt of the entirety of the payments described in paragraph 9, the Secretary will file, serve and record (if applicable) an Acknowledgment of Full Satisfaction of Monetary Provision of Settlement/Judgment. Concurrently, the Secretary will take all steps necessary to record a full reconveyance without warranty all the estate secured by the deed of trust referenced in paragraph 11.

17. Defendants will assist the Wage and Hour Division with organizing a meeting or meetings of all of Defendants' current employees to explain their rights by November 1, 2022. All Defendants' current employees must attend and be compensated at their regular rates of pay for such attendance.

18. Defendants' current managers, i.e., any individual with the authority to hire, fire, issue schedules, process wage payments, and otherwise instruct workers as to the performance of their job duties, will attend a training with the Wage and Hour Division regarding their obligations under the FLSA by no later than November 1, 2022.

**IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached **Exhibit A**, nor as to any employee named on the attached **Exhibit A** for any period not specified therein, nor as to any employer other than Defendants.

**IT IS FURTHER ORDERED** that each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Judgment herein; and

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: _____

_____
UNITED STATES MAGISTRATE JUDGE

For the Plaintiff:

MARC A. PILOTIN
Regional Solicitor

*Eduard Meleshinsky*
EDUARD MELESHINSKY                    DATE: 9/16/2022
Trial Attorney

1  For Defendants:

2

3  The Defendants hereby appear and consent to the entry of this Judgment and waive notice by the Clerk of Court.

4

5  Acme Pumping Services, Inc., et al.

6

7

8  _____          DATE: 9/7/2022
   George Grace III on behalf of

9  Acme Pumping Services, Inc.
10 Paradise Lua, Inc.
   Pinky Tows Hawaii, Inc.
11 Pinky Tows, Inc.
12 Pinky Tows, LLC
   Pinky Tows Pacific, Inc.
13 Pinky Tows Roadside Recovery, Inc.
   Porky's Trucking LLC
14 Sharks Equity Recovery, Inc.
15 West Side Adventures, Inc.
   Wise Ass Events, Inc.
16

17

18 _____          DATE: 9-7-2022
   George Grace III
19 Individually

20

21 As to form:
22 _____          DATE: 9/7/2022
   Randall N. Harakal
23 Attorney for Defendants

24

25

26

27

28

**Exhibit A**

**Employee List**

| First Name | Last Name | Back Wages Start Date | Back Wages End Date |
|---|---|---|---|
| SEBASTIAN | ACORDA | 6/1/2018 | 12/31/2018 |
| MIKAELE | ANTONIO | 9/23/2017 | 11/3/2018 |
| ANDREW | ARELLANEZ | 9/23/2017 | 5/20/2022 |
| KAPUA | AWONG | 10/1/2018 | 5/20/2022 |
| MICHAEL | BANUELOS | 9/23/2017 | 12/31/2018 |
| ASHLEY | BATTANU | 8/15/2018 | 5/20/2022 |
| LEILANI | BORLING | 12/8/2017 | 5/20/2022 |
| BONITA | BRADY | 9/23/2017 | 8/22/2020 |
| CALEB | BUMANGLAG | 3/1/2018 | 5/20/2022 |
| BENJAMIN | BURGO | 9/23/2017 | 5/20/2022 |
| TRAVIS | CHAVES | 9/23/2017 | 5/20/2022 |
| KYLE | CHONG | 9/23/2017 | 5/20/2022 |
| DEVOHN | DETWILER | 12/31/2017 | 3/24/2018 |
| NIKOLAS | EDAL-DAVIS | 9/18/2017 | 9/30/2017 |
| JARED | FIGUEROA | 9/23/2017 | 9/30/2017 |
| JUSTIN | FRANCA-SUMAILO | 9/23/2017 | 11/17/2017 |
| GUY | GASPER | 2/27/2017 | 9/15/2017 |
| RAMONA | GERVACIO | 9/23/2017 | 3/10/2018 |
| PEBBLES | GLENDON | 9/23/2017 | 3/24/2018 |
| BREANNE | HIGA | 9/23/2017 | 5/20/2022 |
| TIONA | HIGGINS | 9/23/2017 | 5/20/2022 |
| SHYDEN | ILAE-PAVE | 9/2/2018 | 9/15/2018 |
| CHARLES | INFERRA | 9/23/2017 | 9/30/2017 |
| JOHNELLE | IOANE | 9/23/2017 | 5/20/2022 |
| JAMES | KAHALOA | 9/23/2017 | 5/20/2022 |
| ALBERT | KALI | 9/23/2017 | 5/20/2022 |
| KAHELEKULANI (Umi) | KEAULANA | 10/29/2017 | 5/20/2022 |
| CHAD | KEKAUOHA | 9/2/2018 | 11/3/2018 |
| KAYLA | KENION | 3/4/2018 | 7/28/2018 |
| CALVIN | KIILAU | 11/4/2017 | 5/20/2022 |
| MOSES | KIKILA | 9/23/2017 | 10/28/2017 |

| | | | | |
|---|---|---|---|---|
| 1 | MISTY ANN | KIMI | 10/29/2017 | 9/29/2018 |
| 2 | KENNETH | KIYABU | 9/23/2017 | 10/28/2017 |
|  | DUN | LAFOGA | 9/23/2017 | 5/20/2022 |
| 3 | JAMES | LEE | 7/1/2018 | 9/29/2018 |
| 4 | LAUREN | LEWANDOWSKI | 10/29/2018 | 1/13/2018 |
| 5 | JONAH | LORCH | 9/23/2017 | 5/20/2022 |
| 6 | RYSON | LUKE | 12/8/2018 | 3/2/2019 |
|  | DJ | LUM HO | 9/23/2018 | 2/9/2019 |
| 7 | OREPA | MALEPEAI | 9/23/2017 | 9/23/2017 |
| 8 | ERNELYN | Manuel-BUMANGLAG | 5/1/2018 | 9/29/2018 |
| 9 | EVAN | MARCUS | 9/23/2017 | 10/21/2017 |
| 10 | KEOKI | MEDEIROS | 9/23/2017 | 9/19/2020 |
| 11 | LARRY | MEYERS | 3/18/2018 | 3/24/2018 |
|  | KRISTEN | MIKA | 9/23/2017 | 6/9/2018 |
| 12 | ALEXANDER | MILHO | 9/23/2017 | 5/20/2022 |
| 13 | ALEJANDRO | MONTOYA | 12/15/2018 | 5/20/2022 |
| 14 | WILLIAM | NELSON | 9/23/2017 | 8/4/2019 |
|  | SAMUEL | NIAU | 9/23/2017 | 3/24/2018 |
| 15 | TUVALE | PAPU | 8/12/2018 | 5/20/2022 |
| 16 | ANJEANETTE | POE | 9/23/2017 | 4/27/2019 |
| 17 | JEFFREY | RABELLIZSA | 9/23/2017 | 5/20/2022 |
|  | THOMAS | RABELLIZSA | 2/15/2018 | 11/3/2018 |
| 18 | GORDON | ROBELLO | 9/23/2017 | 5/20/2022 |
| 19 | LEARTHUR | SANDERS | 11/18/2018 | 5/20/2022 |
|  | MIKIE | SCANLAN | 10/14/2018 | 5/20/2022 |
| 20 | FRANCES | SHIMABUKURO | 12/9/2018 | 12/15/2018 |
| 21 | VIRGINIA | SMITH | 7/8/2018 | 11/24/2018 |
| 22 | LOUIS | SOTO | 10/21/2018 | 5/20/2022 |
| 23 | ROBERT | STEVENS | 9/23/2017 | 5/20/2022 |
|  | PATRICE | TABANERA | 12/16/2018 | 5/20/2022 |
| 24 | MARVIN | TUCKER | 10/1/2017 | 6/2/2018 |
| 25 | SONNY | TUITELEAPAGA | 9/23/2017 | 5/20/2022 |
| 26 | JAVEN | VINCENT | 9/30/2018 | 12/8/2018 |
| 27 | KEKOA (Daniel) | WALLS | 3/25/2018 | 4/28/2018 |
| 28 | | | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit B**

MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV (Cal. Bar. No. 223532)
Counsel for Wage and Hour
EDUARD R. MELESHINSKY (Cal. Bar No. 300547)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103
Telephone: (415) 625-7744
Fax: (415) 625-7772
Email: meleshinsky.eduard.r@dol.gov
*Attorneys for Plaintiff Martin J. Walsh*

RANDALL N. HARAKAL, #2844
700 Fort Street Tower
745 Fort Street
Honolulu, Hawaii 96813
Telephone: 531-9711
Fax: 537-9430
E-mail: randall@shigemura.com
*Attorney for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor, United States Department of Labor,<br><br>　　　　Plaintiff,<br>　　v.<br><br>Acme Pumping Services, Inc., et al.<br><br>　　　　Defendants. | Case No. 1:20-cv-00397-WRP<br><br>**First Amended Consent Judgment** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants George Grace III, an individual and his eleven companies doing business as Acme Pumping Services, Inc.; Paradise Lua, Inc.; Pinky Tows, LLC; Pinky Tows Hawaii, Inc.; Pinky Tows, Inc.; Porky's Trucking LLC; Sharks Equity Recovery, Inc.; Pinky Tows Roadside Recovery, Inc.; Pinky Tows Pacific, Inc.; Wise Ass Events, Inc.; West Side Adventures, Inc. agreed to resolve the matters in controversy in this civil action and consent to the entry of a Consent Judgment fully-executed on August 26, 2022.

1. The parties agree to modify the Consent Judgment such that judgment is entered, pursuant Section 16(c) and (e) of the FLSA, 29 U.S.C. § 216(c) and (e), in favor of the Secretary and against Defendants in the amount of $612,000 minus $_____ (amount already paid by Defendants) to total $_____ (amount of this amended judgment).

2. The parties further agree that the revised amount due pursuant to this amended judgment will be composed of $10,000 in civil money penalties with the remainder to be split equally between back wages owed and liquidated damages.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**:

Defendants shall pay the Secretary the net sum identified in paragraph 1, above, within fourteen calendar days of the entry of this judgment pursuant the procedure specified in paragraph 10 of the first Consent Judgment. The terms of the first Consent Judgment are otherwise unmodified and are incorporated by reference herein including but not limited to the Secretary's right to seek payment from Defendants by way of the deed of trust described in paragraph 11 of the first Consent Judgment.

Dated: _____

UNITED STATES MAGISTRATE JUDGE

For the Plaintiff:

MARC A. PILOTIN
Regional Solicitor

*Eduard Meleshinsky*
EDUARD MELESHINSKY                    DATE: 9/16/2022
Trial Attorney

1  For Defendants:

3  The Defendants hereby appear and consent to the entry of this Judgment and waive notice by the Clerk of Court.

5  Acme Pumping Services, Inc., et al.

   _____
8  George Grace III on behalf of          DATE: 9/7/2022

9  Acme Pumping Services, Inc.
10 Paradise Lua, Inc.
   Pinky Tows Hawaii, Inc.
11 Pinky Tows, Inc.
12 Pinky Tows, LLC
   *Pinky Tows* Pacific, Inc.
13 Pinky Tows Roadside Recovery, Inc.
   Porky's Trucking LLC
14 Sharks Equity Recovery, Inc.
15 West Side Adventures, Inc.
   Wise Ass Events, Inc.

   _____
18 George Grace III                       DATE: 9/7/2022
   Individually

21 As to form:
   _____
22 Randall N. Harakal                     DATE: 9/7/2022
23 Attorney for Defendants

FIRST AMENDED CONSENT JUDGMENT
3